Filed 10/27/25  P. v. Nelson CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B338956 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA084564) |
| v. | |
| KURT WAYNE NELSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Affirmed.

Kurt Wayne Nelson, in pro. per., Marilee Marshall, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————

Kurt Wayne Nelson appeals from the trial court's order denying his petition for recall and resentencing under Penal Code

section 1172.75.[1] We appointed counsel to represent Nelson on appeal. After reviewing the record on appeal, counsel for Nelson filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After independently reviewing the record and the contentions in Nelson's supplemental brief, we have not identified any either. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A.      *The June 8, 2016 and February 7, 2017 Incidents*[2]

On June 8, 2016 Nelson impersonated a police officer to gain entry into the home of Jose Chavez and his daughter Catherine. Nelson pointed a gun at them while a second man went into the bedroom area. Nelson directed Jose and Catherine to lie face down on the kitchen floor while Nelson angrily asked for someone named "Gordo" and "[w]here's the dope?" Jose and Catherine told Nelson they did not know someone by that name and they thought Nelson had the wrong house. Jose and Catherine believed Nelson was going to kill them.

During the incident, Nelson aggressively pointed a gun at Jose and then Catherine, kicked Catherine, threatened to kill them, and shocked each of them with a taser multiple times. After Nelson and the second man left, Catherine discovered she was missing property from her bedroom, including a credit card, diamond jewelry, and other items.

---

[1]      Further statutory references are to the Penal Code.

[2]      We described the factual background of this case in Nelson's direct appeal. (See *People v. Nelson* (May 24, 2021, B296142) [nonpub. opn.].)

2

On February 7, 2017 another man came to the house on behalf of Nelson and tried to persuade Jose and Catherine not to press charges and not to testify at the preliminary hearing.

B.      *The Jury Verdicts and Sentencing*

The jury found Nelson guilty of two counts of first degree residential robbery (§ 211; counts 3 and 4); two counts of making criminal threats (§ 422, subd. (a); counts 5 and 6); two counts of false imprisonment by violence (§ 236; counts 11 and 12); two counts of first degree residential burglary (§ 459; counts 13 and 16); two counts of assault with a firearm (§ 245, subd. (a)(2); counts 14 and 15); two counts of attempted witness dissuasion (§ 136.1, subd. (a)(2); counts 19 and 20); and two counts of assault with a semiautomatic firearm (§ 245, subd. (b); counts 21 and 22).[3]

The jury also found true with respect to counts 3 through 6, 11 through 16, 21, and 22 that Nelson committed the crimes while impersonating a police officer (§ 538d).  With respect to counts 3 and 4 the jury found true that Nelson personally used a firearm within the meaning of section 12022.53, subdivision (b), and as to counts 5, 6, and 11 through 15 that Nelson personally used a firearm within the meaning of section 12022.5, subdivision (a).  In a bifurcated trial, Nelson waived his right to a jury trial on the allegations Nelson had served three prior prison

---

[3]      The jury acquitted Nelson on charges of kidnapping to commit another crime, torture of Jose, and two counts of assault with a deadly weapon.

terms (§ 667.5, former subd. (b)), and the trial court found the allegations true as to two of the three alleged prison priors.

The trial court sentenced Nelson to an aggregate state prison sentence of 40 years, including two years for the two prior prison term enhancements.

On appeal, we reversed Nelson's convictions of assault with a firearm (counts 14 and 15) and one count of first degree residential burglary (count 16). We also modified the sentences on counts 19 and 20 for attempted witness dissuasion, imposing the full middle term on each count. In addition, we struck the two one-year prior prison term enhancements on the basis that Senate Bill No. 136 (2019-2020 Reg. Sess.), effective January 1, 2020 (Senate Bill 136), had amended section 667.5, former subdivision (b), to provide a one-year prior prison term enhancement limited to sexually violent offenses. Because Nelson's prison priors were not for sexually violent offenses, and Nelson's sentence was not final at the time the new law became effective, the prior prison term enhancements were no longer valid. In all other respects, we affirmed. We directed the superior court to prepare an amended abstract of judgment reflecting a modified aggregate state prison term of 40 years eight months. (*People v. Nelson* (May 24, 2021, B296142) [nonpub. opn.].)

C.    *The Trial Court Denies Nelson's Petitions To Recall and Resentence*

On October 3, 2022 Nelson, representing himself, filed a petition for writ of habeas corpus. In the petition, Nelson argued he was "sentenced to two [section] 667.5(b) prison priors enhancements [and] under Senate Bill 483 my prison priors are

4

void and have to come off."  Nelson also argued he was entitled to appointment of an attorney and resentencing "under all other enhancement laws."

On November 21, 2022 the trial court indicated on the record, without counsel present, that it was "in receipt of a document listing [Nelson] as eligible for resentencing pursuant to newly enacted provisions of Penal Code section 1171(a)/1171.1(a). Those sections invalidate certain enhancements and allow for resentencing of defendants whose sentences include those enhancements."  (Capitalization omitted.)  The court appointed counsel and deemed Nelson's habeas petition a request for resentencing pursuant to section 1172.75 (formerly section 1171.1).

On January 2, 2024 Nelson, represented by counsel, filed a petition to recall and resentence him pursuant to section 1172.75 (before the trial court ruled on his first petition).  Nelson asserted his sentence was legally invalid because a "one-year prison prior enhancement was imposed" under section 667.5, former subdivision (b).  Nelson argued the court must strike the enhancement and conduct a "full resentencing hearing."  Further, he argued, the court must consider postconviction factors in resentencing (§ 1172.75, subd. (d)(3)), including ameliorative changes in the law under sections 654, 1170, 1385, 12022.5 and 12022.53.

On May 29, 2024 the trial court denied Nelson's two petitions for resentencing, explaining, "The court did impose initially at his sentencing two penal code section 667.5(b) priors which added two years to his sentence. . . .  On direct appeal, the court of appeal struck those two priors and reduced the sentence by two years based on [Senate Bill] 163, which was effective

5

January 1st, 2020. And the court of appeal decision doing that was filed May 24th, 2021 and it became . . . final when a remittitur was issued 60 days after that; so that would be in July of 2021. [¶] That statute – that S.B. 136 statute was amended, I believe, by S.B. 483, which authorized retrospective application and resentencing, and that was not effective until January 1st, 2022. At that time the defendant's sentence was already final with no one-year priors imposed or included in the sentence. [¶] So based on that, I believe the defendant is not eligible for resentencing under the current statute."

## DISCUSSION

We appointed counsel to represent Nelson in this appeal. After reviewing the record, counsel did not identify any arguable issues and advised Nelson on or about June 24, 2025 that she was filing a brief stating she was unable to find any arguable issues and that Nelson "could file a supplemental brief in this case raising any issues which he chooses to call to the court's attention." Counsel also sent Nelson a copy of the opening brief. On June 24 this court sent a letter to Nelson and his appointed counsel directing appointed counsel "to send the record of this appeal" to Nelson.

On August 19, 2025 we received from Nelson a 12-page supplemental brief, which attached as an exhibit the 2019 abstract of judgment reflecting the two one-year prior prison term enhancements the trial court imposed at the initial sentencing. Nelson's supplemental brief did not address the trial court's May 29, 2024 finding that he was ineligible for relief under section 1172.75 because the two prior prison term enhancements had been struck on appeal. Instead, Nelson

6

argued "[t]his court must conduct a full resentencing" that considers "all ameliorative changes in the sentencing law(s)." (Boldface omitted.)  Further, he asserted, at a resentencing the court must consider Senate Bill No. 567 (2021-2022 Reg. Sess.), which limits a trial court's discretion to impose upper-term sentences pursuant to amended section 1170, subdivision (b); Senate Bill No. 620 (2017-2018 Reg. Sess.), which amended sections 12022.5 and 12022.53 to grant discretion to trial courts to strike or dismiss firearm enhancements in the interests of justice; and Senate Bill No. 1393 (2017-2018 Reg. Sess.), which amended sections 667, subdivision (a), and 1385, subdivision (b), effective January 1, 2019, to give courts discretion to strike or dismiss a five-year sentence enhancement imposed under section 667, subdivision (a)(1), for a prior serious felony conviction. Nelson also relied on section 1385, subdivision (a), which authorizes courts to strike an enhancement "in the furtherance of justice."

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  [Citation.]  Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) . . . amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses.  [Citations.]  Enhancements based on prior prison terms served for other offenses became legally invalid." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380; accord, *People v. Garcia* (2024) 101 Cal.App.5th 848, 854.)  The Legislature later enacted Senate Bill No. 483 (Sen. Bill 483), effective January 1,

7

2022, to make the changes implemented by Senate Bill 136 retroactive by adding former section 1171.1 (now section 1172.75) to the Penal Code. (See Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply . . . Senate Bill 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"]; *Garcia*, at pp. 854-855.)

Section 1172.75, subdivision (a), provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." Section 1172.75, subdivision (b), directs the Department of Corrections and Rehabilitation (CDCR) to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)" and to provide the inmate's name and other identifying information to the sentencing court on a specified schedule. Section 1172.75, subdivision (c), in turn, provides that "[u]pon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant."

Although CDCR identified Nelson as an individual who was eligible for resentencing pursuant to section 1172.75, he was not. The 2019 abstract of judgment Nelson attached to his petition showed the trial court initially imposed a sentence that included two prior prison term enhancements. But, as discussed, in 2021—before Senate Bill 483 was enacted—we struck the two

8

prior prison term enhancements and directed the trial court to prepare an amended abstract of judgment. The August 10, 2021 amended abstract of judgment reflects that the amended judgment imposing an aggregate sentence of 40 years eight months did not include the two prior prison term enhancements. Accordingly, under section 1172.75, subdivision (c), Nelson was not eligible for recall and resentencing because as of the date of his resentencing petitions filed in 2022, "the current judgment" did not include "an enhancement described in subdivision (a)." (See *People v. Tang* (2025) 109 Cal.App.5th 1003, 1005-1006 (*Tang*) [defendant was ineligible for resentencing under § 1172.75 where initial sentence included one prior prison term enhancement, but on appeal the judgment was modified to strike the enhancement, because "a stricken enhancement is not an imposed enhancement within the meaning of section 1172.75, subdivision (a)"].)

The Court of Appeal in *Tang* distinguished prior cases that concluded the defendant was eligible for relief under section 1172.75 where a prior prison term enhancement was imposed, but the *punishment* was stayed or struck. (*People v. Tang, supra*, 109 Cal.App.5th at pp. 1007-1008.) The *Tang* court explained with respect to *People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted, Oct. 23, 2024, S286987, "Nor does *Espino* . . . necessitate a conclusion that a stricken enhancement entitles an inmate to section 1172.75 resentencing. *Espino* addressed a scenario involving a sentencing enhancement that was imposed where the *punishment* was stricken. . . . In other words, striking an enhancement is different from striking the punishment for the enhancement." (*Tang*, at p. 1010; see *People v. Cota* (2025) 112 Cal.App.5th 1118, 1133, review granted Oct. 1,

9

2025, S292637 [defendant was "entitled to resentencing because now-invalid prison priors were imposed and included in the judgment against him," although the punishment was struck].)

Neither Nelson nor his appellate counsel has identified a cognizable legal issue.  Our independent review has not identified one either.  (See *People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232; see also *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.



FEUER, J.

We concur:


MARTINEZ, P. J.


STONE, J.

10